UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Delvon Jackson,

Plaintiff

v.

Tesla Motors, Inc., et al.,

Defendants

Case No. 2:24-cv-01978-CDS-BNW

**Order Denying Plaintiff's Motion for Default Judgment**

[ECF No. 21]

Plaintiff Delvon Jackson moves, for the second time, for the entry of a default judgment against Tesla Motors, Inc. Mot., ECF No. 21. In May 2025, I denied Jackson's motions for entry of default and default judgment as premature. Order, ECF No. 12. Therein, I explained that because the court had not screened Jackson's complaint, and no defendant was served, default was procedurally premature. *Id.* at 2.

Jackson later paid the filing fee, and his complaint was deemed filed on October 14, 2025. ECF Nos. 16, 17. Under Federal Rule of Civil Procedure 4(m), Jackson had until January 12, 2026, to serve the defendants with the summons and complaint. *See* Fed. R. Civ. P. 4(m) (requiring service within 90 days after the complaint is filed).

On January 12, 2026, the court issued a notice of intent to dismiss under Rule 4(m). Notice, ECF No. 20. That notice informed Jackson that he had not filed proof of service for defendants Telsa Motors Inc, Harco National Insurance Company, and International Fidelity Insurance Company. *Id.* It further warned Jackson that it would dismiss the action "unless proof of service is filed with the clerk by 02/11/2026." *Id.* To date, no proof of service is filed.

Because it appears that Jackson has not served the defendants with the summons and complaint, the defendants are under no obligation to respond, and entry of default is improper. Therefore, Jackson's motion is denied. If Jackson has served the defendants, he must file proof of

service by February 11, 2026. Failure to comply by that date will result in the dismissal of this action without further notice.

## II.        Conclusion

IT IS THEREFORE ORDERED that Jackson's motion for default judgment **[ECF No. 21]** **is DENIED**. Jackson must file proof of service by February 11, 2026.[1] Failure to comply by that date will result in the dismissal of this action without further notice.

Dated: January 29, 2026

_____
Cristina D. Silva
United States District Judge

---

[1] Service on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period.