UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Delvon Jackson,

                Plaintiff

v.

Tesla Motors, Inc., et al.,

                Defendants

Case No.: 2:24-cv-01978-CDS-BNW

**Order Dismissing Complaint
and Closing Case**

Plaintiff Delvon Jackson initially submitted his complaint on October 22, 2024, without paying the filing fee or filing an application to proceed *in forma pauperis*. ECF No. 1-1. After two unsuccessful attempts to apply for *in forma pauperis* status, Jackson paid the filing fee in full. *See* ECF Nos. 13, 15, 16. His complaint was deemed filed on October 14, 2025. ECF No. 17.

Federal Rule of Civil Procedure 4(m) requires Jackson to have filed proof of service within ninety days of that date—that is, on or before January 12, 2026. Upon finding that Jackson failed to do so, the court issued a notice of intent to dismiss pursuant to Rule 4(m). ECF No. 20. The notice afforded Jackson until February 11, 2026, to file proof of service as to defendants International Fidelity Insurance Company, Tesla Motors Inc., and Harco National Insurance Company. *Id.* Jackson was cautioned that he had to serve the parties within the time prescribed by Rule 4(m) or show good cause for his failure to do so. *Id.*

Jackson purportedly filed "proof of service" on February 10, 2026. ECF No. 23. Although that filing indicates that Jackson served an "order of default judgment," *id.*, there is no evidence that he properly served the summons and complaint. And "a plaintiff's failure to serve process in a timely manner may . . . amount to a failure to prosecute . . . and a district court may dismiss an action on this ground." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275 (9th Cir. 1980).

Jackson has neither demonstrated that the defendants were served within the time required nor shown good cause for his failure to do so. If a defendant is not served within ninety days after a complaint is filed, then the court must, after notice to the plaintiff, dismiss the unserved defendant without prejudice. Fed. R. Civ. P. 4(m) (outlining the requirements for proper service and explaining that a district court may dismiss for failure to serve after providing notice and absent a showing of good cause for failure to serve). Jackson has been afforded an opportunity to show good cause for his failure to serve the defendants, yet he failed to do so. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (noting that the burden of establishing good cause is on the plaintiff).

IT IS THEREFORE ORDERED that this action is dismissed without prejudice. The Clerk of Court is kindly instructed to close this case.

Dated: February 20, 2026

_____
Cristina D. Silva
United States District Judge

2